UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRENT HENRICKSON,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF NEVADA, et al.,<br><br>   Defendants. | Case No. 2:20-cv-01014-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Defendants' Counsel to be Responsible to Effectuate an Early Case Conference (ECF No. 26); Plaintiff's Motion for Appointment of Counsel (ECF No. 30); and, Plaintiff's Motion for Leave to File an *Ex Parte* Motion (ECF No. 33).[1]  No Defendant has filed a response to Plaintiff's Motions.

**I.   DISCUSSION**

   A.   <u>Plaintiff's Motion for Defendants' Counsel to be Responsible to Effectuate an Early Case Conference (ECF No. 26) is Denied</u>.

Local Rules of Practice for the United States District Court for the District of Nevada LR 16-2 states that "[u]nless the court orders otherwise, the court will not conduct pretrial conferences. A party may at any time make a written request for a pretrial conference to expedite disposition of any case, particularly one that is complex or in which there has been delay."[2]  However, conditions of confinement and retaliation claims similar to those Plaintiff alleges are "not unduly complex." *Pinder v. Byrne*, Case No. 3:16-cv-00742-MMD-WGC, 2020 WL 888046, at \*2 (D. Nev. Feb. 24, 2020).  Moreover, pursuant to Local Rule 16-1(b), actions on behalf of inmates under 42 U.S.C. § 1983 do not require entry of a discovery plan and scheduling order.  Nonetheless, in an effort to ensure no further delay, the Court enters the standard plan and order below.

---

[1] The Court has made typographical changes to the names of Plaintiff's Motions for the sake of clarity.
[2] Plaintiff cites to Nev. R. Civ. P. 16.1(b)(4)(A) for the proposition that "unless the parties agree or the court orders otherwise, the plaintiff is responsible for designating the time and place of each conference."  Plaintiff is proceeding before federal court in this action.  The Nevada Rules of Civil Procedure do not apply.

1

B. **Plaintiff's Motion for Appointment of Counsel (ECF No. 30) is denied**.

There is no constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Further, appointment of counsel requires the Court to find extraordinary circumstances, which in turn requires the Court to consider the likelihood of Plaintiff's success on the merits of his case and his ability to articulate his claims in light of the complexities of the legal issues presented. *Ageyman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's claims may ultimately be successful as evidenced by the Court's Screening Order permitting Plaintiff's Eighth Amendment conditions of confinement claim and First Amendment retaliation claim to proceed. ECF No. 13 at 14-15. Plaintiff, however, has had no problem articulating his claims. Indeed, after the Screening Order permitted two of his claims to proceed, Plaintiff has filed nine additional Motions for consideration by the Court. ECF Nos. 4, 21, 26, 28, 29, 30, 31, 33, and 34. The Court also finds this case is not one that is particularly complex. *Pinder*, 2020 WL 888046, at *2. Plaintiff does note that he sought representation from four different law firms, and that each office declined to represent him in this matter. ECF No. 30 at 5. Notwithstanding, this assertion does not satisfy Plaintiff's burden of demonstrating exceptional circumstances that would permit the Court to appoint counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff's Motion (ECF No. 30) is therefore denied.

C. **Plaintiff's Motion Seeking Leave to File an *Ex Parte* Motion (ECF No. 33) is denied**.

An *ex parte* motion or application is a motion or application that is filed with the Court but is not served on the opposing parties. LR IA 7-2(a). "Neither party . . . may make an *ex parte* communication except as specifically permitted by court order or the Federal Rules of Civil . . . Procedure. An *ex parte* motion or application must articulate the rule that permits *ex parte* filing and explain why it is filed on an *ex parte* basis." LR IA 7-2(b) (internal alterations added). Courts do not deviate from the adversarial system without a strong reason for doing so and, therefore, *ex*

2

*parte* requests for relief are disfavored. *United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir 1987). As this District Court succinctly explains:

> A court functions best when [the] adversarial process is not impeded. In filing a request for relief on an *ex parte* basis, however, notice of that request (and the legal and factual basis for that request) is not provided to the opposing party. The adversarial process is completely debilitated. The Court is presented with argument by only one party, and the opposing party is deprived of its opportunity to weigh in on the pending dispute. This is unfair to the opposing party. It also leaves the Court without the benefit of receiving an opposing point of view before rendering a decision.

*Maxson v. Mosaic Sales Solutions U.S. Operating Co., LLC*, Case No. 2:14-cv-02116-APG-NJK, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015).

Plaintiff does not cite to any rule that permits the *ex parte* filing of his Motion. Nor does Plaintiff explain why permitting him to file an *ex parte* motion is necessary other than to say that he is at a "substantial disadvantage in litigating and proving his claims" as a *pro se* inmate, that he "does not believe, nor have knowledge of, any other way to request his sought after relief than in an *ex parte* motion, and . . . that if he were to do so in a vessel accessible to defendants it would defeat the purpose" of the motion. ECF No. 33 at 2-3 (internal alteration added). These reasons do not fall within the extremely limited circumstances in which *ex parte* requests should be heard by the Court. Indeed, Plaintiff's argument suggests that every *pro se* inmate should be permitted to file *ex parte* motions on account of his or her incarcerated, indigent status. Plaintiff's Motion (ECF No. 33) is denied.

**II.     ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Defendants' Counsel to be Responsible to Effectuate an Early Case Conference (ECF No. 26) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 30) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an *Ex Parte* Motion (ECF No. 33) is DENIED.

1    IT IS FURTHER ORDERED that the following discovery plan shall control:

2    1.    Any and all pleadings that may be brought under Fed. R. Civ. P. 13 and 14, or joining additional parties under Fed. R. Civ. P. 19 and 20, shall be filed within sixty (60) days from the date of this Order, which is **February 26, 2021**. Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith serve a copy of this Order upon the new party or parties.

2.    Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of Court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served within sixty (60) days from the date of this Order, which is **February 26, 2021**.

3.    **DISCOVERY:**

(a)    Discovery in this action shall be completed on or before ninety (90) days from the date of this Order, which is **March 29, 2021.**

(b)    Pursuant to Fed. R. Civ. P. 33 (a)(1), unless otherwise stipulated by the parties or ordered by the Court, a party may serve on any other party <u>no more than twenty-five (25) written interrogatories, including discreet subparts</u>.

(c)    Pursuant to LR 26-7, unless otherwise ordered by the Court, written discovery, including responses thereto, certificates of service pertaining thereto and deposition transcripts, shall **not** be filed with the Court unless such discovery is submitted in support of or in response to a motion. Originals of responses to written discovery requests shall be served on the party who served the discovery request and that party shall make such originals available at the pretrial hearing, at trial, or on order of the Court. Likewise, the deposing party shall make the original transcript of a deposition available at any pretrial hearing, at trial, or on order of the Court.

4.    **EXTENSIONS OF DISCOVERY:** Pursuant to LR 26-3, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least twenty-one (21) days prior to the expiration of the subject deadline. The motion or stipulation shall include:

(a)    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

4

    (b)  A specific description of the discovery which remains to be completed;

    (c)  The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

    (d)  A proposed schedule for the completion of all remaining discovery.

  5.  **DISCOVERY MOTIONS:**

    (a)  Discovery motions shall be filed and served no later than one hundred four (104) days from the date of this Order, which is **April 12, 2021**.

    (b)  Prior to filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties. The parties are further advised that:

      (1) Fed. R. Civ. P. 37(a)(1) mandates that any discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court order"; and that,

      (2) Local Rule 26-6(c) states that a discovery motion "will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."

    These two rules apply to any inmate civil right action brought under 42 U.S.C. § 1983. While the Court recognizes an inmate might not be able to meet personally with opposing counsel, nevertheless an inmate will still be required to attempt to resolve any discovery dispute either by a telephone consultation or a written communication whereby the inmate sincerely attempted to resolve the discovery dispute.

    (c)  Text of Discovery Materials in Dispute

    Local Rule 26-6(b) requires that all motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the responses thereto, if any. The Court prefers that the actual discovery response which is the subject of a discovery dispute be submitted to the Court.

6. Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than thirty (30) days after the close of discovery, i.e., by **April 28, 2021.**

7. No motion filed beyond the time limit fixed by this Scheduling Order shall be considered by the Court unless the Court grants an exception for good cause shown.

8. In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order. Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 6 of this Order.

9. **PRETRIAL:** Pursuant to LR 16-3(b), the parties shall file a Joint Pretrial Order thirty (30) days past the date for filing motions for summary judgment, which is **May 28, 2021**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the Court.

10. Any party who seeks to amend this Scheduling Order shall file and serve a motion, not later than twenty-one (21) days prior to the deadline for which the party seeks amendment, stating the proposed amendments and the reasons therefor. After expiration of the twenty-one (21) day period, any amendment of this Scheduling Order shall be granted only upon a showing of good cause and excusable neglect.

DATED THIS 28th day of December, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE