UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRENT HENRICKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-01014-APG-EJY<br><br>**ORDER** |

  Pending before the Court is Plaintiff's Motion to Extend Discovery Deadlines. ECF No. 77.

  Fed. R. Civ. P. 6(b)(1) provides that the Court may, "for good cause, extend … time [to perform an act] … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Local Rules of Practice LR 26-3 states that a motion to extend any date set by the discovery plan or scheduling order must:

> be supported by a showing of good cause for the extension. … A motion … to extend a discovery deadline … must include: (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and[,] (d) A proposed schedule for completing all remaining discovery.

Plaintiff seeks a sixty-day extension of all pending discovery deadlines as he believes an amendment to his operative Complaint may be forthcoming based on Defendants' discovery responses. ECF No. 77 at 4. Plaintiff lists the discovery completed to date; describes the discovery that remains to be completed; explains he has been unable to comply with the deadline to amend his pleadings because his Motion to Compel (ECF No. 68) is pending before the Court; and, provides a proposed schedule for completing all remaining discovery. ECF No. 77 at 2-4. Plaintiff also indicates that he spoke with defense counsel about requesting discovery extensions, and that counsel agreed he would stipulate to a request for the same. *Id*. at 3. Defendants "agree that an extension of the discovery deadlines will allow both parties time to work together and complete discovery." ECF No. 80 at 2.

Accordingly, and with good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Discovery Deadlines (ECF No. 77) is GRANTED.

IT IS FURTHER ORDERED that the following discovery plan shall control:

1. Any and all pleadings that may be brought under Fed. R. Civ. P. 13 and 14, or joining additional parties under Fed. R. Civ. P. 19 and 20, shall be filed within sixty (60) court days from the date of this Order, which is **May 7, 2021**. Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith serve a copy of this Order upon the new party or parties.

2. Amendments to pleadings as provided for under Fed. R. Civ. P. 15 shall comply with LR 15-1 and shall be filed and served within sixty (60) court days from the date of this Order, which is **May 7, 2021**.

3. **DISCOVERY:** Discovery in this action shall be completed on or before ninety (90) court days from the date of this Order, which is **June 7, 2021.**

4. **EXTENSIONS OF DISCOVERY:** Pursuant to LR 26-3, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least twenty-one (21) court days prior to the expiration of the subject deadline. After expiration of the twenty-one (21) court day period, any amendment of this Scheduling Order shall be granted only upon a showing of good cause and excusable neglect.

5. **DISCOVERY MOTIONS:**

    (a) Discovery motions shall be filed and served no later than one hundred four (104) court days from the date of this Order, which is **June 21, 2021**.

    (b) Prior to filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties. The parties are further advised that:

    (1) Fed. R. Civ. P. 37(a)(1) mandates that any discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court order"; and that,

2

(2) Local Rule 26-6(c) states that a discovery motion "will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."

These two rules apply to any inmate civil right action brought under 42 U.S.C. § 1983. While the Court recognizes an inmate might not be able to meet personally with opposing counsel, nevertheless an inmate will still be required to attempt to resolve any discovery dispute either by a telephone consultation or a written communication whereby the inmate sincerely attempted to resolve the discovery dispute.

6. Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than thirty (30) court days after the close of discovery, i.e., by **July 7, 2021.**

7. No motion filed beyond the time limit fixed by this Scheduling Order shall be considered by the Court unless the Court grants an exception for good cause shown.

8. **PRETRIAL:** Pursuant to LR 16-3(b), the parties shall file a Joint Pretrial Order thirty (30) court days past the date for filing motions for summary judgment, which is **August 6, 2021**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) court days after a decision of the dispositive motions or until further order of the Court.

DATED THIS 8th day of March, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE