# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TRENT HENRICKSON,

    Plaintiff

v.

STATE OF NEVADA, et al.,

    Defendants

Case No.: 2:20-cv-01014-APG-EJY

**Order Denying Motions for Reconsideration**

[ECF Nos. 29, 34]

    I previously denied plaintiff Trent Henrickson's motion for class certification and dismissed his state law negligence claim. ECF No. 13.  Henrickson now moves for reconsideration of my decisions. ECF Nos. 29, 34.

    A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id*.  Henrickson has not presented facts or law sufficient to reverse my decisions.

    I properly denied Henrickson's motion for class certification because a *pro se* plaintiff cannot represent others. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a *pro se* litigant may not "appear as an attorney for others than himself"). And as Magistrate Judge Youchah previously explained, Henrickson is not entitled to

appointment of counsel because he has not demonstrated that exceptional circumstances exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); ECF No. 36. Thus, I will not reconsider class certification.

I also will not reconsider exercising supplemental jurisdiction over Henrickson's state law negligence claim. Nevada law requires Henrickson to name the State of Nevada as a defendant in a state law tort action against its employees based on their actions or omissions as employees, regardless of whether they are being sued in their individual or official capacities. *See Craig v. Donnelly*, 439 P.3d 413, 413-16 (Nev. App. 2019). Thus, Henrickson cannot bring his state law negligence claim unless he names the State of Nevada as a defendant. But the State of Nevada has not waived its sovereign immunity to be sued in federal court. *See* Nev. Rev. Stat. § 41.031(3). So the state law negligence claim cannot be brought against the State of Nevada and arms of the state in federal court. If Henrickson wishes to pursue his state law negligence claim, he must do so in state court.

I THEREFORE ORDER that Henrickson's motions for reconsideration **(ECF Nos. 29, 34) are DENIED.**

DATED this 23rd day of March, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2