UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRENT HENRICKSON,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA et al.,<br><br>    Defendants | Case No.: 2:20-cv-01014-APG-EJY<br><br>**Order Granting Motion for Preliminary Injunction**<br><br>[ECF No. 4] |

Trent Henrickson is an inmate at High Desert State Prison (HDSP). He sued defendants State of Nevada, the Nevada Department of Corrections (NDOC), and several officials for violations of the Eighth Amendment, the Equal Protection Clause, and retaliation. Henrickson moves for a preliminary injunction, focusing on his Eighth Amendment claim. He asserts that HDSP has deprived him of outdoor exercise and seeks an order for HDSP to provide him with adequate outdoor exercise time. I held a hearing on this motion on March 22, 2021 and placed my findings on the record.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Where a party seeks a mandatory injunction ordering the "responsible party to take action," I must "deny such

relief unless the facts and law clearly favor the moving party." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (quotation omitted).

In a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

Exercise "is a basic human need protected by the Eighth Amendment." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation omitted). In deciding whether a deprivation of outdoor exercise constitutes a violation of the Eighth Amendment, the Ninth Circuit considers "(1) the opportunity to be out of the cell, (2) the availability of recreation within the cell, (3) the size of the cell, and (4) the duration of confinement." *Norbert v. San Francisco Sheriff's Dep't*, No. 19-CV-02724-SK, 2020 WL 8675997, at *18 (N.D. Cal. Jan. 31, 2020) (quotation omitted).[1]

---

[1] *See also Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (affirming the district court's conclusion that "[s]everal factors combined to make outdoor exercise a necessity[,]" such as "continuous segregation," "only meager out-of-cell movements and corridor exercise," and minimal "contact with other persons"); *Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981) ("Of course, each condition of confinement does not exist in isolation; the court must consider the effect of each condition in the context of the prison environment[.]"); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1212 (9th Cir. 2008) ("Determining what constitutes adequate exercise requires consideration of the physical characteristics of the cell and jail and the average length of stay of the inmates.") (quotation omitted).

For the reasons discussed at the hearing, I grant Henrickson's motion for a preliminary injunction. Based on the evidence in front of me, Henrickson has established a likelihood of success in showing that he has not received a constitutionally adequate amount of exercise time. The size of his cell (10 by 6 feet including a bed and toilet) is minimal and is shared with a cellmate. Exercise during tier time is prohibited, and Henrickson spends 23 to 24 hours in his cell per day. He states that he has received one hour of outdoor exercise since August 28, 2020, although he acknowledged he had other out-of-cell time periodically when he had a job. He no longer has that job, however, and his out-of-cell time has been limited or eliminated entirely due to lockdowns at the prison. He is therefore experiencing a deprivation of exercise time.

Occasional deprivations of exercise time do not violate the Constitution, especially when based on emergency conditions or interests of security and safety. *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation"). [2] But here it appears that the emergency has become the normal and Henrickson has repeatedly been denied out-of-cell time. The defendants have not provided a reasonable justification because "[l]ogistical problems, without more, cannot justify serious civil rights violations such as the deprivation of a basic human need." *Shorter v. Baca*, 895 F.3d 1176, 1186 (9th Cir. 2018) (quotation omitted).

Given Henrickson's likelihood of success on the merits, he also satisfies the irreparable harm factor. *Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008),

---

[2] "[T]he practical difficulties that arise in administering a prison facility from time to time might justify an occasional and brief deprivation of an inmate's opportunity to exercise outside," but the Ninth Circuit has rejected the "excuse" that "scheduling an inmate's time in the exercise yard was difficult because, for security reasons, inmates had to be accompanied to the recreation yard by a guard and only one inmate could use the recreation yard at a time." *Allen v. Sakai*, 48 F.3d 1082, 1084 (9th Cir. 1994).

*rev'd and remanded on other grounds*, 562 U.S. 134 (2011) ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm."). The justifications the defendants provided do not outweigh Henrickson's interest in receiving adequate exercise time. The current policy for units 9-12 provides one hour of yard time per week and one hour of tier time per day, so adding one hour of yard time to that policy does not additionally burden the defendants as compared to the harm Henrickson suffers. ECF No. 69-1 at 3. Lastly, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quotation omitted).

Accordingly, Henrickson is entitled to interim relief. I order the defendants to provide Henrickson with two hours of outdoor exercise per week and one hour of tier time daily, subject to temporary limitations "when a genuine emergency exists." *Thomas v. Ponder*, 611 F.3d 1144, 1154 (9th Cir. 2010); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1208, 1213 (9th Cir. 2008) (concluding that inmates in administrative segregation, "a classification for inmates with violent tendencies that have been deemed a threat to the jail's staff or to other inmates," were entitled to two hours of exercise per week). Because Henrickson currently does not have a job assignment, he is not receiving adequate out-of-cell time. But if he receives a job assignment again, the two-hour outdoor exercise requirement can be satisfied by his time working. Finally, I order the parties to submit a report in 60 days on the status of Henrickson's out-of-cell time.

I THEREFORE ORDER that plaintiff Trent Henrickson's motion for preliminary injunction **(ECF No. 4) is GRANTED**. I order the defendants to provide Henrickson with two hours of outdoor exercise time per week and one hour of tier time daily, subject to temporary limitations when a genuine emergency exists.

I FURTHER ORDER the parties to file a report in 60 days on the status of Henrickson's out-of-cell time.

I FURTHER ORDER that no bond is required under Fed. R. Civ. P. 65 due to Henrickson's indigency.

DATED this 23rd day of March, 2021.

                                                          ANDREW P. GORDON
                                                          UNITED STATES DISTRICT JUDGE