UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRENT HENRICKSON,<br><br>　　　Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　Defendants | Case No.: 2:20-cv-01014-APG-EJY<br><br>**Order Denying Motion to Stay Pending Appeal**<br><br>[ECF No. 93] |

　　　The defendants move for a stay pending appeal of the injunction I entered against them. The injunction requires the defendants to provide plaintiff Trent Henrickson, who is an inmate at High Desert State Prison (HDSP), with two hours of outdoor exercise time per week and one hour of tier time daily, subject to temporary limitations when a genuine emergency exists. ECF No. 87.  I entered the injunction after a hearing held on March 22, 2021.  I deny the motion to stay because the defendants have provided insufficient evidence.

**I. ANALYSIS**

　　　"A stay is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation omitted).  "It is instead an exercise of judicial discretion." *Id.* (quotation omitted).  "Judicial discretion in exercising a stay is to be guided by" these principles: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34 (citation omitted).

The defendants have not carried their burden of showing that a stay is justified. They first argue that I "did not have the opportunity to review relevant evidence regarding HDSP's operations" because I did not hold an evidentiary hearing. ECF No. 93 at 2. However, any failure to consider certain evidence is due to the defendants' failure to present that evidence in response to Henrickson's motion. The defendants had ample opportunity to present evidence in response to the motion, but provided only one declaration (ECF No. 69-1), which I relied upon in entering my order. Indeed, my order only slightly modifies current HDSP procedures as set forth in that declaration. *See* ECF No. 87 at 4 ("The current policy for units 9-12 provides one hour of yard time per week and one hour of tier time per day, so adding one hour of yard time to that policy does not additionally burden the defendants as compared to the harm Henrickson suffers. ECF No. 69-1 at 3.").

The defendants did not provide a reasonable justification for the deprivation of Henrickson's exercise time in response to his motion for injunctive relief. They now argue and offer evidence that the injunction creates risks of violence at HDSP. But that was discussed in their opposition and supporting declaration, and it is still not an adequate basis to stay the injunction. The defendants state that "HDSP has experienced a significant increase in violent encounters between offenders during scheduled recreation," and that there is a "very real possibility that other inmates will retaliate violently against" Henrickson and the guards who will transport him for outdoor exercise. ECF No. 93 at 1-2, 16. Henrickson responds that he "ha[s] received only support and encouragement" from other inmates regarding the injunction, and he "feel[s] absolutely zero threat and/or harm." ECF No. 94 at 23.

The defendants contend that the injunction creates safety concerns because in implementing any schedule, HDSP must consider its multiple offender classifications, layout,

available recreation hours and areas, staffing available during recreation, social distancing during the pandemic, and "[e]quality in recreation between various populations." ECF No. 93 at 11. This information pertains to HDSP's general operations, but is not a reasonable justification for the deprivation of Henrickson's constitutional rights. While the defendants' evidence does not suffice for a stay, the defendants may instead file a properly supported motion to modify or vacate the injunction. At present, however, I see no reason to do either.

The defendants also assert that the injunction causes problems related to Covid-19, but provide only vague statements such as "the Court's Injunctive Order . . . requires HDSP to place inmates in restricted units and quads, which HDSP has intentionally not done[,]" and "it appears that the Court's Order does not give prison officials th[e] option[ ]" to "quarantine an infected inmate[.]" *Id.* at 17. The order plainly required no such thing. Without more explanation or evidence, these assertions amount to "[l]ogistical problems" that "cannot justify serious civil rights violations such as the deprivation of a basic human need." *Shorter v. Baca*, 895 F.3d 1176, 1186 (9th Cir. 2018) (quotation omitted).

Next, the defendants contend that they are entitled to a stay because I "d[id] not even address" the Prison Litigation Reform Act (PLRA) and did not define a "genuine emergency." ECF No. 93 at 9. To the contrary, I am aware that injunctive relief in this context "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). *See also* ECF No. 87 at 2. I also understand that I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* I respect these requirements and crafted the injunction with them in mind. I note that the

injunction is temporary because I ordered "the parties to file a report in 60 days on the status of Henrickson's out-of-cell time." ECF No. 87 at 5. And I purposely did not define "genuine emergency," in order to allow the defendants discretion, to be exercised in good faith and in accordance with Ninth Circuit law.[1]

The defendants further argue that because of staffing limitations at HDSP, only one officer is "available to supervise twenty-eight or more offenders during recreation," which presents a safety problem that "[t]he Court's Order fails to account for[.]" ECF No. 93 at 16. This argument does not justify the deprivation of Henrickson's constitutional rights. Although "'logistical problems,' such as inadequate staffing and limited recreational facilities, may make it difficult for jail officials to provide adequate exercise to detainees," the Ninth Circuit has "never condoned the wholesale, routine deprivation of meals and showers, or meaningful recreation activities[.]" *Shorter*, 895 F.3d at 1186 (citation omitted). And it also does not suffice to claim that it is difficult to schedule exercise time "because, for security reasons, inmates had to be accompanied to the recreation yard by a guard and only one inmate could use the recreation yard at a time." *Allen v. Sakai*, 48 F.3d 1082, 1084 (9th Cir. 1994). I must follow the dictates of the Ninth Circuit, which has rejected similar allegations as bases for the denial of inmates' basic human needs.

The defendants have not shown a likelihood of success on the merits of an appeal. They argue that Henrickson may exercise in his cell during tier time, but "the Constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation, to prison inmates." *Shorter*, 895 F.3d at 1185. The defendants contend that because the February

---

[1] It is likely that if I had specified what constitutes a "genuine emergency," the defendants would have argued that I gave them no discretion.

and March lockdowns "are sperate [sic] from the COVID-19 restrictions," there should be no injunction. ECF No. 93 at 9. That argument ignores Henrickson's point that as of the March 22 hearing, he had received one hour of outdoor exercise since August 28, 2020. The defendants have not rebutted that point or shown a reasonable justification for the months of deprivation that Henrickson asserts. Rather, they have referenced "[d]ocumented threats and assaults [that] happen frequently in prisons." *Thomas v. Ponder*, 611 F.3d 1144, 1154 (9th Cir. 2010). "Given that an emergency is different from normal prison conduct, an emergency cannot be deemed to exist simply because there are documented threats and assaults from time to time—otherwise every prison would be in a constant state of emergency." *Id.*

The remaining principles I must consider in assessing a stay request do not favor the defendants. The defendants have not demonstrated that they will be irreparably injured without a stay. But staying the ordered relief would substantially injure Henrickson because he has a constitutional right to receive adequate exercise time. And "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quotation omitted).

## II. CONCLUSION

I THEREFORE ORDER that the defendants' motion to stay pending appeal **(ECF No. 93) is DENIED**.

DATED this 12th day of April, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE