UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRENT HENRICKSON | Case No. 2:20-cv-01014-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Motions to Compel Discovery. ECF No. 64 and 68. The Court has considered Plaintiff's Motion, Defendants' Response, and Plaintiff's Reply. ECF Nos. 74 and 78.

**I.  Background**

On June 8, 2020, Plaintiff filed his Complaint and numerous motions for various forms of relief. ECF Nos. 1, 3-6; *see also* ECF Nos. 7-9 filed on June 24, 2020. After considering all that Plaintiff filed, the Court dismissed Plaintiff's motions, granted Plaintiff's *in forma pauperis* application and, upon screening his Complaint, allowed Plaintiff's First and Eighth Amendment claims to proceed. ECF No. 13.

Plaintiff's First Amendment retaliation claim asserts that he filed approximately 30 grievances at HDSP, sent dozens of kites to the HDSP administration about many issues including the fact that Plaintiff has not been allowed to advance to Level 1, and repeatedly informed Hubbard-Pickett, Padilla, Ennis, Wickham, Brooks, and Williams that he intended to sue. ECF No. 13 at 9. Plaintiff alleges that Hubbard-Pickett, Padilla, Ennis, and Williams intentionally permitted Defendants Brooks and Hernandez to bring false Notice of Charges against Plaintiff eight times in seven months in retaliation for his actions, thereby ensuring that Plaintiff could not advance to Level 1 where he could enjoy more privileges. *Id.* Although the claim against Wickham was dismissed, the Court permitted Plaintiff's claims against Hubbard-Pickett, Padilla, Ennis, Williams, Brooks, and Hernandez to proceed. *Id.* at 10.

Plaintiff's Eighth Amendment conditions of confinement claim alleges that HDSP staff deprived inmates in units 11 and 12 of indoor and outdoor exercise. ECF No. 13 at 4-5. Plaintiff further alleges that when HDSP is on lockdown, inmates in units 1 through 8 receive at least five hours of exercise time weekly in outdoor cages, whereas inmates in units 9 through 12 do not have any cages and do not receive any outdoor or indoor exercise time. *Id.* Plaintiff further alleges that during the lockdown from October 10, 2019 to November 25, 2019, prison officials only allowed inmates in units 11 and 12 to leave their cells for a ten-minute shower every third day. *Id.* at 5. After the lockdown, inmates in units 11 and 12 received two hours of outdoor exercise time and one hour of out-of-cell tier time. *Id.* Officials continued to decrease outdoor time in response to COVID-19 until, on May 21, 2020, units 11 and 12 received no outdoor exercise time, although units 1 through 8 continued receiving outdoor exercise in their outdoor exercise cages. *Id.*

The Court found that Plaintiff failed to allege a colorable claim with respect to his general allegations about temporary deprivation of outdoor exercise during lockdowns. *Id.* at 6. However, Plaintiff alleged a colorable conditions of confinement claim based on the lockdown from October 10, 2019 through November 25, 2019, when officials denied Plaintiff outdoor exercise and only let him leave his cell for a ten-minute shower every third day. *Id.* at 7. The Court liberally construed Plaintiff's allegations as claiming that he complained to Williams, Piccinini, and Hubbard-Pickett about the denial of outdoor exercise and they did nothing to rectify the situation. The Court liberally construed Plaintiff's claims against Daniels and Wickham as a suit only for injunctive relief to change the outdoor exercise policy for inmates in units 11 and 12. *Id.* at 7.

After a great deal of additional motion practice, Plaintiff served his Requests for Production of Documents on Defendants on December 30, 2020, and January 12, 2021. A review of the Document Requests shows that Plaintiff failed to identify to which Defendant each Request was directed. ECF No. 74-2. On February 5, 2021, the parties met and conferred so Defendants could explain that the Office of the Attorney General had just received the Requests, would need more time to respond, and would possibly need to supplement responses after further research. ECF No. 24-3. Because Plaintiff was not in possession of Defendants' objections to his Request for

Production at the time of the meet and confer, the parties had no opportunity to discuss any of Defendants' concerns.

The Court's review of Defendants' Response to Plaintiff's Document Requests shows that Defendants raised nearly identical boilerplate objections to each of Plaintiff's Requests stating the information requested is privileged, confidential, and could compromise safety and security. Defendants also objected that some of Plaintiff's requests seek "all facts" or "all information," rendering them facially burdensome. *Id.* No evidence suggests that Defendants produced a privilege log, provided any explanation in support of their safety or security objections or provided a basis for the confidentiality objections upon which the Court may rely to determine whether these objections are well taken.

After receiving Defendants' objections to all of Plaintiff's Document Requests, Plaintiff filed two virtually identical Motions to Compel. ECF Nos. 64 and 68. Defendants argue in response that LR 26-6 requires a meet and confer before a discovery motion may be filed, and because no meet and confer occurred, the Court "will not consider [Plaintiff's] motion."[1] ECF No. 74. at 1-2. Defendants further argue that, to the extent the Court considers Plaintiff's Motion, Plaintiff's Requests are a fishing expedition, and Plaintiff must direct each Request to a particular Defendant. *Id.* at 7.

Plaintiff's Reply explains that he complied with LR 26-6 to the best of his ability given the Law Library's lack of response to his requests for assistance; that denial of his Motions is not mandatory despite a failure to meet and confer; and, that he did not direct his requests to a particular Defendant because he did not know he had to do so (again referring to the Law Library's lack of response). ECF No. 78 at 1-2. Plaintiff also argues that any meet and confer would be fruitless based on Defendants' sweeping objections to his Requests. *Id.* at 4.

---

[1] Defendants misstate the requirements of Local Rule 26-6. LR 26-6(c) states: "Discovery motions will not be considered unless the movant (1) has made a *good-faith effort* to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." (Emphasis added.)

## II.     Discussion

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (internal citations omitted).

Although relevance for discovery purposes is defined "very broadly," *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998) (internal citations omitted), it is not without boundaries. *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2104) ("[d]istrict courts need not condone the use of discovery to engage in fishing expeditions") (internal quote marks and citations omitted). District courts have broad discretion when determining relevancy for discovery purposes. *Mfg. Automation & Software Sys., Inc. v. Hughes*, Case No. CV 16-8962-CAS (KSx), 2017 WL 5641120, at *3 (C.D. Cal. Sept. 21, 2017) (internal citations omitted). However, discovery requests that seek irrelevant information are inherently unduly burdensome. *Monte H. Greenawalt Revocable Tr. v. Brown*, Case No. 2:12-cv-01983-LRH, 2013 WL 6844760, at *3 (D. Nev. Dec. 19, 2013).

Rule 26(g)(1) requires an attorney to certify that each response to a discovery request was written to the best of the attorney's "knowledge, information, and belief formed after a *reasonable inquiry*." (emphasis added). As the party resisting discovery, Defendants bear "the burden of showing the[] discovery requests are unduly burdensome or oppressive." *Kristensen v. Credit Payment Servs., Inc.*, Case No. 2:12-cv-0528-APG, 2014 WL 6675748, at *4 (D. Nev. Nov. 25, 2014) (internal citation omitted). Boilerplate objections are insufficient to assert a privilege. *Burlington N. & Santa Fe Ry. Co. v. U.S. District Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Further, although privileged information may be withheld, Rule 26(b)(5)(A)(ii) requires an attorney asserting privilege to provide a privilege log describing the nature of the

information withheld in a manner that, without revealing the privileged information, will enable other parties to assess the claim.  Further, Rule 34(b)(2)(C) requires objections to "state whether any responsive materials are being withheld on the basis of that objection."  The Rule further requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."

Finally, LR 26-6(c) states that failure to make a good-faith effort to meet and confer before filing a motion *may*, but need not necessarily, result in denial of the motion.  Here, Plaintiff gave two reasonable explanations for failing to meet and confer: (1) the perception of futility; and, (2) lack of access to the law.  Therefore, the Court exercises its discretion and considers Plaintiff's Motion to Compel.

In considering Plaintiff's Motions, the Court finds some Requests are grossly overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, and/or disproportionate to the needs of the case.  The Court also finds that some Requests are relevant and proportional to the needs of the case and, therefore, requires Defendants to (1) revisit production of non-privileged documents, together with, as needed, a privilege log, and (2) to consider methods for production of documents to Plaintiff that will limit or eliminate safety and security concerns.

The Court notes that Defendants' blanket assertions of privilege and security concerns, with nothing more, are insufficient to justify a wholesale failure to produce a single document.  The Court further finds that Defendants failed to be thoughtful, cooperative, and employ the overarching requirements of civil procedure as stated in Fed. R. Civ. P. Rule 1.  Defendants' Responses to Plaintiff's Document Requests did not embrace the spirit or actuality of good faith.  Defendants failed to provide a privilege log in accordance with the requirements of Rule 26(b)(5)(A)(ii), failed to provide responsive materials according to Rule 34(b)(2)(c), failed to justify their safety and security concerns, and failed to demonstrate that they made any reasonable inquiry prior to making their responses in violation of Rule 26(g)(1).  The Court, nonetheless, has analyzed each Request and finds as follows.

     A.     <u>Plaintiff's Motion to Compel Responses to RFP Nos. 7, 10, and 11 is Granted</u>.

          1.     RFP No. 7:  Plaintiff seeks the cell search logs recording the dates and times when cell 12-D-16 was searched from October 1, 2019, to November 30, 2020, and which officer conducted the search.

          The Court finds that RFP No. 7 is reasonably related and proportional to the needs of the case.  Records pertaining to these searches may indicate that Plaintiff's cell was searched with a frequency or objective that evidences retaliatory conduct.  If Defendants are concerned about safety and security if such documents are produced to Plaintiff, then Defendants must consider alternative means of allowing Plaintiff to review such documents and take notes that may allow him to use the information at summary judgment or trial.

          2.     RFP Nos. 10 and 11: Plaintiff seeks production of HDSP Operational Procedures 105, 123, 144, 302, 332, 400, 401, 404A, III, and NDOC AR 124 and 122.

          The Court finds that RFP Nos. 10 and 11 are at least facially relevant and proportional to the needs of the case.  These requested documents may allow Plaintiff to determine whether prison officials failed to treat him according to policy. Although Defendants objected that producing these documents could compromise safety and security at the prison, Defendants failed to provide any meaningful basis for these assertions.  If Defendants continue to assert such concerns, they must consider means for allowing Plaintiff to review the Operational Procedures and Administrative Regulations or clearly articulate the basis for these concerns in a supplemental response to Plaintiff's Document Requests, which must be promptly served.  The parties shall then meet and confer before any further motion practice regarding these Requests will be considered by the Court.

B.  **Plaintiff's Motions to Compel Responses to RFP Nos. 3, 5, 9, 16, 17, and 18 are Denied**.

As drafted, each of these Requests is grossly overbroad and disproportionate to the needs of the case. If Plaintiff so chooses, he may redraft these Requests to reflect a narrow, targeted, and relevant inquiry.

1. RFP No. 3 requests any and all emails in which Plaintiff was the principal subject. In addition to the above, the breadth of this Request will likely produce a substantial number of documents and significant information that is unlikely to lead to the discovery of admissible evidence relating to Plaintiff's retaliation or conditions of confinement claims.

2. RFP No. 5 seeks a list of inmates written up by Brocks and Hernandez for exercising indoors. In addition to the above, the Court is unsure how this information may lead to the discovery of admissible evidence. Providing Plaintiff with the names of individuals will not disclose information likely relevant to Plaintiff's retaliation or conditions of confinement claims.

3. RFP No. 9 requests any and all documents related to the lockdown from October 10, 2019 to November 25, 2019. This request is overbroad and disproportionate to the needs of the case. The reasons HDSP locked down any or all units is highly unlikely to lead to evidence reasonably related to Plaintiff's retaliation or conditions of confinement claims.

4. RFP No. 16 seeks all case notes in Plaintiff's personal NOTIS file, and RFP No. 17 seeks a list of inmates who have grieved the denial of outdoor exercises from October 1, 2019 until the present. As stated above, these Requests are grossly overbroad. It is plain to the Court that all case notes in Plaintiff's NOTIS file will not reasonably relate to either of Plaintiff's claims. Further, a list of inmates who filed grievances regarding outdoor exercise is not proportional to the needs of this case. The names of inmates are not relevant to or reasonably likely to lead to relevant evidence related to Plaintiff's claims.

5. RFP No. 18 requests pictures of outdoor individual exercise cages in HDSP units 1-8 and the lack thereof in units 9-12. Pictures of exercise cages are not proportionate

7

to Plaintiff's conditions of confinement claims. Whether Plaintiff will be able to prove he was denied exercise, sufficient to establish a conditions of confinement claim, will not be impacted by pictures of HDSP exercise cages.

    C.    <u>The Parties are to Meet and Confer Regarding the Remaining RFPs</u>.

The Court finds that the parties must meet and confer to discuss Request Nos. 1, 2, 4, 6, 8, and 12. These Requests may be narrowed or information may be made available to Plaintiff in a safe and secure manner that does not preclude the production or review of all information potentially relevant and proportional to the needs of Plaintiff's claims.

In closing, regarding confidentiality, safety, and security, the Court reminds the parties that Plaintiff may review documents and take notes without bringing documents back to his cell, and Defendants may submit documents in camera to the Court for review if absolutely necessary. As explained by the Ninth Circuit in *Burlington N. & Santa Fe Ry. Co.*, "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants ... Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues ..." 408 F.3d at 1148-49 (internal citation omitted).

### III.  ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motions to Compel Discovery (ECF Nos. 64 and 68) are GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Motions to Compel responses to Requests for Production Nos. 7, 10, and 11 are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motions to Compel responses to Requests for Production Nos. 3, 5, 9, 16, 17, and 18 are DENIED.

IT IS FURTHER ORDERED that the parties are to meet and confer within 30 days of the date of this Order regarding Requests for Production Nos. 1, 2, 4, 6, 8, and 12. Defendants shall contact the facility to find a date and time when Plaintiff can use a room and phone to meet and confer within the next 30 days.

1       IT IS FURTHER ORDERED that to the extent Defendants claim a privilege preventing the production of any document, Defendants must prepare and serve on Plaintiff a privilege log within 21 days of the date of this Order.

      Dated this 15th day of April, 2021.

                                          */s/ Elayna J. Youchah*
                                          ELAYNA J. YOUCHAH
                                          UNITED STATES MAGISTRATE JUDGE