UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TRENT HENRICKSON,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 2:20-cv-01014-APG-EJY

**ORDER**

Pending before the Court is Plaintiff's Objection to and Request for Reconsideration of ECF No. 100 Re ECF 90, 91, 92 (ECF No. 103). The Court has considered Plaintiff's Request and Defendants' Response (ECF No. 107). The Court treats Plaintiff's filing as a Motion for Reconsideration. Therefore, any objection to this or the Court's underlying decisions may, if desired by either party, be filed in response to this Order.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted). District courts have broad discretion in deciding whether to grant a motion for reconsideration. *Simon v. City of Phoenix*, Case No. CV-09-701-PHX-MHM, 2010 WL 1038606, at *1, (D. Ariz. March 19, 2010).

Plaintiff's Request is concerned with the fact that the Court did not specifically address an apparent five day period during which Plaintiff states Defendants failed to comply with the Court's Preliminary Injunction Order (ECF No. 87). Plaintiff also points out that Defendants did not oppose ECF Nos. 90, 91, and 92. Respectively, these filings are titled Notice of Defendant's Violation of Preliminary Injunction, Second Request for Equitable Sanctions, and Plaintiff's Notice of Violations (New) of Preliminary Injunction and Motion for Equitable Sanctions. The Court did address the five

day period during which Plaintiff argued Defendants were noncompliant with the injunction granted. However, Plaintiff is correct that Defendants did not respond to his Motions and that the Court failed to address this issue. Based on this failure by the Court, the Court grants, in part, Plaintiff's Request for Reconsideration.

Local Rule 7-2(d) allows the Court to treat a failure to file an opposition to certain motions, including those filed by Plaintiff, as consent to the granting of such Motions. However, whether to award sanctions for failing to comply with a pretrial order is within the sole discretion of the Court. *Ayers v. Richmond*, 895 F.2d 1267, 1269 (9th Cir. 1990). Thus, while the Court recognized that there was a brief period during which Defendants may not have complied with the injunction granted, the Court stated: "Since Plaintiff's filings, which are now more than three weeks ago, Plaintiff … has not notified the Court of further violations of the injunctive relief granted. In the absence of any additional information, there is insufficient evidence of ongoing violations of the injunction for the Court to find the State is noncompliant. Therefore, sanctions are denied." ECF No. 100.

The Court's finding on April 19, 2021 remains accurate today. That is, there remains no evidence of Defendants' failure to comply with the Preliminary Injunction Order except for a brief period immediately following the entry of that Order. In fact, Plaintiff's instant Request for Reconsideration does not state that, on any occasion since April 19th, Defendants have failed to comply with the injunction granted. Nonetheless, Plaintiff is correct that the Court could have entered an order awarding sanctions; however, the Court exercised its authority not to do so.

Plaintiff also argues that the failure to award sanctions was manifestly unjust. The Court disagrees. A finding of manifest injustice requires meeting a high bar. "[T]he courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, Case No. 3:17-cv-233-PK, 2018 WL 4945214, at *6 (D. Or. Aug. 22, 2018); *see, e.g.*, *Cummings v. Starbucks Corp.*, Case No. CV-12-06345-MWF (FFMx), 2014 WL 12597110, at *3 (C.D. Cal. May 27, 2014) (same); *El Torero Licores v. Raile*, Case No. SACV-13-875-VAP, 2013 WL 6834609, at *8 (C.D. Cal. Dec. 20, 2013) (same); *accord Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217

(D.C. Cir. 2018) ("Manifest injustice requires at least a clear and certain prejudice to the moving party that is fundamentally unfair in light of governing law."); *Shnewer v. United States*, Case No. 13-3769 (RBK), 2016 WL 4424949, at *6 (D.N.J. Aug. 18, 2016) ("reconsideration based on manifest injustice requires that the error be apparent to the point of being indisputable"). The Court exercised its discretionary authority in accordance with governing law when it considered the merits of Plaintiff's prior Motions, filed in quick succession, alleging noncompliance with the Preliminary Injunction Order. And, while the brief noncompliant period did not go unnoticed, the Court found sanctions were not warranted. Although Plaintiff is clearly disappointed with the outcome of his Motions, this is not a basis for finding clear error, manifest injustice or changing the Court's Order. *Young v. Thomas*, Case No. 14-cv-2550-JMC, 2015 WL 3397193, at *2 (D.S.C. May 26, 2015) (internal quotations omitted).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Objection to and Request for Reconsideration of ECF 100 Re ECF 90, 91, 92 (ECF No. 103) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that reconsideration is granted to the extent stated above.

IT IS FURTHER ORDERED that reconsideration is denied in all other respect.

Dated this 13th day of May, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE